## APPEAL OF DICKERMAN & ENGLIS, INC.

Docket No. 4928.    Decided November 26, 1926.

1. Under the provisions of the Revenue Act of 1926, the Board has jurisdiction to determine an overpayment of tax in respect of a taxable year for which the Commissioner has determined a deficiency, whether the proceeding before the Board is filed prior to or subsequent to the passage of the Revenue Act of 1926.

2. The Board has no jurisdiction to determine whether such an overpayment of tax should be credited or refunded to the taxpayer or to determine whether credit or refund is barred by the period of limitation provided by statute.

*Maxwell Goldstein, Esq.*, for the petitioner.
*George G. Witter, Esq.*, for the Commissioner.

PHILLIPS: Under date of July 28, 1926, the Board promulgated its decision herein, wherein it was held that the taxpayer was entitled to classification as a personal service corporation. 4 B. T. A. 447. On October 4, 1926, pursuant to the decision of the Board, the appeal

came on for redetermination of the deficiency under Rule 50 of the Board, whereupon counsel for the Commissioner admitted of record that under the decision of the Board there was no deficiency in income and profits taxes for 1920 and that an assessment of income and profits taxes for 1920 in the amount of $9,397.77 had been paid. He then offered to introduce evidence to show that, by reason of the expiration of the statutory period allowed therefor, no refund or credit of such overpayment could be made. The presiding Member declined to receive such evidence, upon the ground that the Board had jurisdiction to determine whether there had been any overpayment of tax but had no jurisdiction to determine whether credit or refund of any such overpayment was barred by the statute, and an order was entered determining that there is no deficiency for 1920 and that the taxpayer has made an overpayment of tax in respect of such year in the amount of $9,397.77.

The Commissioner now moves to vacate said order upon three grounds. He first asks that the order be vacated and that an order be entered determining that there is no deficiency for 1920 and making no finding as to any overpayment of tax for that year, upon the ground that the Board has no jurisdiction to determine an overpayment of tax in an appeal heard and submitted prior to the passage of the Revenue Act of 1926. Section 1000 of the Revenue Act of 1926 provides:

Sec. 1000. Title IX of the Revenue Act of 1924 is amended to read as follows:
\*     \*     \*     \*     \*     \*     \*
" Sec. 904. The Board and its divisions shall have such jurisdiction as is conferred on them by Title II and Title III of the Revenue Act of 1926 or by subsequent laws. \* \* \* "

Section 284 (e) of the Revenue Act of 1926, under the subtitle " Credits and Refunds," provides:

(e) If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment \* \* \*.

In view of the express provisions of the law, it seems apparent that, whether the appeal was filed before or after the passage of the Revenue Act of 1926, the only jurisdiction the Board now has is that conferred by the Revenue Act of 1926 or subsequent acts, and that the 1926 Act expressly grants jurisdiction to determine the amount of any overpayment in tax for the year in question. The first motion set out by the Commissioner in his application must be denied.

In the event the Board denies his first motion, the Commissioner moves that the order entered herein be vacated and that an order be entered determining that there is no deficiency in tax for the year

1920, finding that the taxpayer made an overpayment of tax for said year in the sum of $9,397.77, and further determining that the refund of said overpayment is barred by the statute of limitations; and he further offers to introduce evidence that under the provisions of the Revenue Act of 1926 the period of the statute of limitations for the refund of any tax paid by the taxpayer for 1920 has expired.

A portion of section 284 (e) has been quoted above. The entire subsection reads as follows:

(e) If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer as provided in subdivision (a). Such refund or credit shall be made either (1) if claim therefor was filed within the period of limitation provided for in subdivision (b) or (g), or (2) if the petition was filed with the Board within four years after the tax was paid, or, in the case of a tax imposed by this Act, within three years after the tax was paid.

It would seem unnecessary to point out the distinction between a determination that the taxpayer has made an overpayment of tax and a determination that the taxpayer is entitled to a credit or to a refund. The statute grants the Board jurisdicion to determine that the taxpayer has made an overpayment of tax in respect of the taxable year for which the Commissioner determined the deficiency, and then, so far as jurisdiction of the Board is concerned, becomes silent. The remainder of the provision is administrative, directing as it does that such overpayment shall be credited or refunded under certain circumstances. It gives the Board no jurisdiction to determine whether such circumstances exist.

The provisions of section 284 of the Act set out in some detail a comprehensive scheme for the credit or refund of overpayments. After a careful examination, we can find no expression of any intention that the Board shall determine whether an overpayment is to be credited or refunded or that credit or refund is barred by the statute. It appears, on the contrary, that other provisions of the statute make it impossible for the Board to determine this question. Before any determination can be made of the application of the overpayment, it becomes necessary to determine whether there are any income or profits taxes due from the taxpayer. Section 284(a), Revenue Act of 1926. Section 274(g) of the same Act provides in effect that the Board shall have no jurisdiction to determine whether or not the tax for any taxable year other than that before it has been overpaid or underpaid. In view of this provision, it would be impossible for the Board to determine whether an overpayment should be credited or refunded.

There is a further provision of the Revenue Act of 1926 which leads us to the same result, for in section 284(d) the statute saves to the taxpayer the right to file a claim for credit or refund or to institute suit for the recovery of such overpayment. This is one of the few instances where the taxpayer, having elected after the passage of the Revenue Act of 1926 to proceed before the Board after the determination of a deficiency, has the right to initiate a proceeding in the courts.

Furthermore, it will be noted that the jurisdiction of the Board to determine whether the statute has run on the assessment or collection of a deficiency is expressly granted. Section 906(e), Revenue Act of 1924, as amended. There is no similar provision with respect to overpayments. It seems clear to us that the duty of the Board is to determine the amount of any overpayment, if possible from the record, and that when this has been determined the jurisdiction ceases. We therefore dismiss the second motion of the Commissioner.

The Commissioner further moves that, in the event the Board denies the first two motions, the Board enter an order determining that there is no deficiency in tax for the year 1920, finding that the taxpayer made an overpayment of tax for the said year in the amount of $9,397.77, and further determining that the Board is without jurisdiction to pass upon the question of whether or not the refund of said overpayment is barred by the statute of limitations. While it seems apparent to us that the Board has no jurisdiction to determine whether an overpayment should be credited or refunded, or whether the statute has run on a credit or refund, it appears that the order entered was strictly in conformity with, and indeed followed, the precise phraseology of the law. The record of the hearing before the Board, where it was expressly stated that the Board was without jurisdiction to pass upon the question, is available to the parties, and it should be clear from this record that, in determining the amount of the overpayment, the Board did not and does not purport to determine what disposition should be made of such overpayment. This is a matter for further proceedings, and for the Board in its final order or decision to attempt to state what jurisdiction it lacks would be, to say the least, surplusage. For the reasons stated the order dated October 4, 1926, is affirmed by the Board and the motion of the Commissioner is denied.

*Order will be entered accordingly.*