ENTERPRISE CIGAR CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8192.    Promulgated October 24, 1927.

The Board does not have jurisdiction to determine whether a credit is barred by the statute. *Appeal of Dickerman & Englis, Inc.*, 5 B. T. A. 633.

*E. Walter Beebe, Esq.*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

The petitioner brings this proceeding for a redetermination of deficiencies in income and profits taxes amounting to $1,717.92 for 1920 and $211.49 for 1921. The error alleged is that in determining the petitioner's income and excess-profits tax for the year 1920 the respondent has not given the petitioner credit either for the loss which it sustained in 1919, nor given credit for the amount of taxes which it paid on its 1918 income.

### FINDINGS OF FACT.

The petitioner is a New Jersey corporation with its principal office at Newark.

For the year 1919 the petitioner reported a net loss on its return of $11,981.36 which the Commissioner increased to $16,868.05. This net loss was first applied against the petitioner's corrected net income for 1918 of $12,001.49, which income had been increased from

$11,503.89 by the disallowance of donations of $497.60. The balance of the net loss for 1919 of $4,866.56 was applied against the corrected net income for the year 1920 of $52,872.52, leaving an adjusted net income for the year 1920 of $48,005.96.

In January, 1925 the petitioner filed a waiver as follows:

JANUARY, 1925.

### INCOME AND PROFITS TAX WAIVER.

#### (For taxable years ended prior to March 1, 1921.)

In pursuance of the provisions of existing Internal Revenue Laws *Enterprise Cigar Company*, a taxpayer organized under the laws of State of New Jersey, and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the year(s) 1919, 1920 and 1921 under existing revenue acts, or under prior revenue acts. This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1925, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board.

ENTERPRISE CIGAR Co.,
*Taxpayer.*
By JACOB MAZER, *Pres.*
D. H. BLAIR,
*Commissioner.*

The instrument was received by the agent in charge at Trenton, N. J., January 26, 1925.

The petitioner further filed with the Commissioner a purported claim for credit or refund, although not filed on Form 843. This claim was entitled "Affidavit and Memorandum" and was sworn to by an officer of the petitioner on March 27, 1925, and was filed with the Treasury Department on or before March 31, 1925. The purpose of the document, as therein stated, is to take "an appeal pursuant to provisions of section 250 (d) of the Revenue Act of 1921 and all prior and subsequent acts relating thereto and from the tax of $1,928.16."

The Commissioner refused to apply any credit for taxes paid upon the income of 1918 against the taxes for the year 1920 on the ground that such credit was barred by the statute of limitations.

### OPINION.

MORRIS: As no evidence was introduced as to the correctness of the deficiency for the year 1921, the respondent's determination for that year is approved.

The petitioner claims a credit against the 1920 income of the $12,001.49 which the Commissioner allocated against the 1918 income, or in the alternative a credit of $1,140.47, which appears to be the taxes paid on 1918 income, against the additional tax assessed for 1920. Its claim is based on sections 204 (b), 250 (b), and 252 of the Revenue Act of 1918, and the reasoning thereunder is as follows: That the loss sustained in 1919 created the credit, that the credit could not be determined until the 1919 return was filed, that such credit was applicable to the 1920 tax, that the statutory period expired on such credit five years after the 1919 return was due unless before the expiration of such period a claim therefor was filed by the taxpayer, and that the petitioner made a claim for this credit within five years from the time the 1919 return was filed.

As the Commissioner has asserted a deficiency against the petitioner for the year 1920 there can be no question of our jurisdiction over that year. Section 204 (b) of the Revenue Act of 1918 provides that if the net loss for 1919 is in excess of the net income for the preceding taxable year the amount of such excess shall be allowed as a deduction in computing the net income for the succeeding taxable year. The excess of the net loss in the instant case over the 1918 net income is $4,866.56, which is the only amount, therefore, which may be allowed as a deduction from the net income of 1920. This amount has been allowed in the Commissioner's computation of the petitioner's 1920 net income, and there is no statutory authority for the allowance of the additional amount now claimed by the petitioner.

Whether the statutory period on the crediting of taxes paid on 1918 income starts to run from the date the 1919 return was due under the facts in this proceeding or whether the purported claim filed by the petitioner in March, 1925, is a valid claim are questions which, under our previous decisions, it is unnecessary to decide. In the *Appeal of Dickerman & Englis, Inc.*, 5 B. T. A. 633, we said, p. 635, "After a careful examination, we can find no expression of any intention that the Board shall determine whether an overpayment is to be credited or refunded or that credit or refund is barred by the statute." See also *Lester H. Cranston, et al., Executors,* v. *Commissioner*, 5 B. T. A. 993; *Wallace State Bank* v. *Commissioner*, 6 B. T. A. 709. In our opinion the above decisions are controlling of the petitioner's alternative proposition that the taxes paid on 1918 income should be applied against the additional tax for 1920.

*Judgment will be entered for the respondent.*

Considered by TRAMMELL, MURDOCK, and SIEFKIN.