JOHN W. ANDERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10910. Promulgated July 3, 1928.

1112

*Joseph E. Davies, Esq., John W. Davis, Esq., Arthur J. Lacy, Esq., Clarence E. Wilcox, Esq., Franklin D. Jones, Esq., Sidney T. Miller, Esq., Herbert Pope, Esq., E. Barrett Prettyman, Esq., Lewis H. Paddock, Esq., Raymond H. Berry, Esq., Montgomery B. Angell, Esq., Luman W. Goodenough, Esq.,* and *Russell A. McNair, Esq.,* for the petitioner.

*A. W. Gregg, Esq., W. Hall Trigg, Esq., Floyd F. Toomey, Esq., E. C. Lake, Esq.,* and *J. F. Greaney, Esq.,* for the respondent.

BEFORE STERNHAGEN, MARQUETTE, AND VAN FOSSAN.

1116

1122

1126

1128

1130

1132

1136

OPINION.

STERNHAGEN: The principal issues in this proceeding have been decided in companion cases. The differences in fact do not require a different result. In *James Couzens*, 11 B. T. A. 1040, the Board decided that the question of the fair market price or value on March 1, 1913, of the several petitioners' shares in the Ford Motor Co. was open for determination by respondent and redetermination by the Board, and that under the circumstances the jeopardy assessment was within the respondent's authority. Examining the facts, the Board found the value of the Ford stock on March 1, 1913, to be at the rate of $10,000 a share. We reach the same conclusions here.

The petitioner's contention as to the dividend received in 1919 as a result of the decree of the court in *Dodge* v. *Ford Motor Co.* was ruled on adversely in *Rosetta V. Hauss*, 12 B. T. A. 755, and we reach the same decision here.

The petitioner pleaded that the jeopardy assessment was barred by the limitation provisions of the Revenue Acts of 1918, 1921, and 1924. The evidence shows that the petitioner's return was filed March 13, 1920, and the assessment was made March 12, 1925. This was within the statutory period of five years and hence the assessment was not barred.

The allegation as to a mathematical error has not been referred to since the pleadings were filed. There is clearly an inconsistency in the statement attached to the deficiency notice (¶137). The petitioner attributes this to a mistake in adding the deductions and the respondent to a mistake in stating the deduction for charitable contributions. Evidence is lacking as to the true source of the error, and we therefore sustain the respondent.

The petitioner claims that his 1919 tax should be credited by the amount of $29,598.07 overpaid for 1917. The Board has frequently held that it may not determine the year or years in which the Commissioner should apply a credit for an overpayment of tax for an earlier year not before it. *Dickerman & Englis, Inc.*, 5 B. T. A. 633; *Lester H. Cranston, et al., Executors*, 5 B. T. A. 993. The respondent alleges that he credited the amount against 1917 additional taxes, and since this is an administrative question for him to decide, the petitioner must fail on this point.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

SMITH, MORRIS, ARUNDELL, and MILLIKEN did not participate in the consideration or decision of this proceeding.