B. T. COUCH GLUE CO., BY THE CLARKSON GLUE CORPORATION, SUCCESSOR AND TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16746. Promulgated July 12, 1928.

*George W. Wilbur, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

1322

## OPINION.

LOVE: The petitioner contends that it and the Clarkson Glue Co. of Missouri (hereinafter referred to as the Missouri Company) should be permitted to file an affiliated return for the entire year 1920 with the Clarkson Glue Co. of Illinois (hereinafter referred to as the Illinois Company).

From January 1, 1920, to October 1, 1920, the Couch Company and the Missouri Company were affiliated through 100 per cent stock ownership in each by the four Clarksons. Effective October 1, 1920, the Illinois Company, by an exchange of stock, share for share, acquired the entire capital stock of the Couch and the Missouri Companies from the Clarksons.

Section 240 (b) of the Revenue Act of 1918 provides that:

* * * Two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

The Couch and the Missouri Companies meet the requirements of subdivision (2) of the said section for the period January 1, 1920, to October 1, 1920. All three corporations herein involved meet the requirements of subdivision (1) for the period from October 1, 1920, to December 31, 1920. It is evident that the Illinois Company, which came into existence September 14, 1920, and which had, so far as the record shows, no relation to the other two companies prior to October 1, 1920, can not meet the requirements of either subdivision (1) or (2) above, for any period prior to the date last mentioned.

The basis of the petitioner's contention, therefore, is that in essence no change in ownership resulted from the stock exchange of October 1, 1920, and that ownership and control of the Couch and the Missouri Companies continued in the four Clarksons through ownership and control of the Illinois Company.

We have held that under section 240, supra, the generally recognized principle of corporate identities must under certain circumstances be disregarded for the purpose of the determination of income and profits taxes. *American La Dentelle, Inc.*, 1 B. T. A. 575. In effect, the statute directs that the income, invested capital

and deductions of two or more corporations be merged for computation of the taxes. The petitioner would have us go further and hold that the identities of a corporation and its stockholders may be considered as merged and that the Illinois Company and the Clarksons may be regarded as one entity which controlled the Couch and the Missouri Companies during the entire year 1920. The statute does not warrant such an interpretation. See *Regal Shoe Co.*, 1 B. T. A. 896, 899, where we held that ownership by a corporation is not ownership by its stockholders.

In accordance with the rule announced in *American La Dentelle*, *supra*, the tax of the Couch and the Missouri Companies should be determined upon the basis of affiliation for the period January 1, 1920, to September 30, 1920, and the tax of all three corporations herein mentioned should be determined upon the basis of a consolidated return for the period October 1, 1920, to December 31, 1920.

The second issue results from respondent's failure to credit against the deficiency asserted for 1920, which is the only year involved in this proceeding, an alleged overpayment of income and profits tax for the year 1919. The year 1919 is not involved in this proceeding. The Commissioner did not make any determination as to 1919 in the deficiency notice. The Board has no jurisdiction to determine whether the tax for 1919 has been overpaid or underpaid, or to direct a refund or credit of taxes for that year. See *Dickerman & Englis, Inc.*, 5 B. T. A. 633; *Ribbon Cliff Fruit Co.*, 12 B. T. A. 13.

*Judgment will be entered under Rule 50.*