THE CINCINNATI UNION TERMINAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket. No. 97270. Promulgated July 8, 1941.

*John H. More, Esq.*, for the petitioner.
*Stanley B. Pierson, Esq.*, for the respondent.

OPINION.

DISNEY: The petitioner, under the principles enunciated in *Old Colony Railroad Co.* v. *Commissioner*, 284 U. S. 552; and *United States* v. *Boston & Maine Railroad Co.*, 279 U. S. 732; also *West End St. Ry. Co.* v. *Malley*, 246 Fed. 625, had income in each of the taxable years in the amount of $360,000 because of the payment to the petitioner of that amount each year for distribution as dividends upon the petitioner's common and preferred stock. No question is raised in this regard. For the years 1933, 1934, and 1935 the petitioner in its original returns did not report such income, but each year reported that it was a joint facility, subject to the jurisdiction of the Interstate Commerce Commission, and was so treated in the accounts

of the seven named railroad companies which are the owning companies, and that therefore there was no net income to be reported as subject to tax. By amended returns for 1933, 1934, and 1935 and a definitive return for 1936 the amounts of the distributions and dividends were reported as income and for the first time deduction was claimed for depreciation on the buildings, in each of the taxable years, in the amount of approximately $208,000. This claim of depreciation respondent denied, stating in short that the railroads, for the benefit of which petitioner was operated, assumed the net costs and expenses of every kind, including depreciation and retirement charges; that any losses sustained by the petitioner by retiring the property will be charged to operating expenses or profit and loss and concurrently billed against the proprietary companies in accordance with agreement; and that therefore the assumption of such losses is ground for disallowing deductions for depreciation.

The only question here presented is whether the petitioner is entitled to deductions for depreciation upon its buildings. That there is such depreciation is not questioned, and the life of the buildings, rates, and amounts of depreciation, if allowed, are stipulated. The petitioner keeps its accounts, as a class I steam railroad, on the retirement basis of accounting, in accordance with the method prescribed by the Interstate Commerce Commission, to the jurisdiction of which the petitioner is subject. It has never set up on its books or reported to the Interstate Commerce Commission the depreciation charges now sought to be deducted, though as to rolling stock it has done so; nor has it, as to buildings, charged depreciation to the seven railroads which under contract repay to it its net expenses. To a limited extent it has, under the retirement method, charged to the railroads the cost of retirements upon the buildings here involved. The original returns for 1933, 1934, and 1935 set up no claim for the depreciation now contended for. In 1937 amended returns were filed to claim the depreciation, which was at the same time claimed in the definitive return for 1936. No application to the Commissioner for permission to change petitioner's system of accounting, or consent thereto, is shown by the record. About 25 percent of petitioner's total investment is in the structures as to which it seeks depreciation.

The petitioner of course has the burden of showing error on the respondent's denial of the deductions sought. The Board has held that a railroad which has consistently used the retirement method of accounting, in accordance with the regulations of the Interstate Commerce Commission, may not deduct for depreciation on its structures. *Central Railroad Co. of New Jersey*, 35 B. T. A. 501;

*Chicago & North Western Railway Co.*, 39 B. T. A. 661. In those cases, as here, the petitioners did not set up the depreciation claimed on their books, nor report it to the Interstate Commerce Commission. The petitioner urges that the cases are distinguishable on the ground, first, that those were ordinary steam railroads, whereas the petitioner has about 25 percent of its investments in buildings or structures, and therefore the reasons for the retirement method do not apply to it; and, second, that the petitioner has in fact consistently used the depreciation method "since it filed its amended return for the year 1933", and that, though the original return for 1933, 1934, and 1935 did not claim depreciation, those returns showed no net income subject to tax, even without depreciation. Petitioner stated that the items in connection with buildings which have been charged off under the retirement method "were evidently done by error and can easily be corrected." As petitioner urges, the fact that the Interstate Commerce Commission requires steam railroads to use the retirement method is not binding here. *Old Colony Railroad Co. v. Commissioner, supra; Minneapolis, St. Paul & Sault Ste. Marie Railway Co.*, 34 B. T. A. 177, 186. The elements of that method have been set forth in our decisions above cited and need not be recited here.

After consideration of the arguments advanced by both parties and the cases cited, we are of the opinion that the petitioner has not shown error in the respondent's determination. Though some distinction has been indicated between the position of the petitioner and the steam railroads in the cited cases, yet we think the petitioner has not demonstrated that the retirement method does not fairly reflect its income, or that it is not within the rule of the two Board cases above cited with respect to consistent use of a method different from that under which deduction was claimed. The petitioner has at all times had a contract with the seven tenant railroads requiring them to reimburse the petitioner for "net costs and expenses, of every kind whatsoever, required for the maintenance of the Terminal or any part thereof, and which shall include proper depreciation and retirement charges." There is no evidence in the record that such language was not intended to cover depreciation such as is here involved, and indeed the language seems particularly designed to cover it, for it covers "net costs and expenses of every kind" for "maintenance", including "depreciation." Such depreciation is not limited to that on rolling stock, taken by the petitioner, nor is the language limited, as petitioner urges, by other language requiring the use of accounting methods prescribed by the Interstate Commerce Commission, for the reason that depreciation could have been set up under the retirement system prescribed. The use of depreciation

merely affects the amounts used in the retirement method, and though not mandatory in the retirement method, depreciation was permitted.

We see in the fact that the petitioner did not elect to use depreciation no helpful interpretation of the contract with the railroads as not requiring it, as to the buildings here involved. Indeed the petitioner admits that in a limited degree the depreciation in connection with buildings was reflected by retirement charges to the seven companies, but argues that this was "evidently done by error" and can easily be corrected. There is no evidence of error, and we discern not error, but intentional use of the retirement method. This is inconsistent with the contention that the retirement system was not previously used, and therefore no consent from the Commissioner required for a change. Moreover, it can not be urged with logic that there was no change merely because depreciation has been claimed since the filing of an amended return for 1933. This was not until June 1937. Up to that time the depreciation here in issue had not entered into petitioner's returns, and even now it still does not come into its books of account or its reports to the Interstate Commerce Commission. The fact that, without depreciation for the years 1933, 1934, and 1935, the returns showed no net taxable income, does not affect the fact that depreciation did not enter into the keeping of petitioner's accounts.

Section 41 of the Revenue Acts of 1934 and 1936 requires computation of net income in accordance with the method regularly employed by the taxpayer. This has not been done, but we are asked to approve deductions other than under the regular method of accounting. Nor are we shown a violation of clear reflection of income by the method used, and accepted by the Commissioner, for three years prior to any attempt to alter the method. We think there is a change attempted, and no permission is shown to have been asked or granted. The petitioner in our opinion had a clear right under its contract to charge the depreciation here involved to the seven tenant railroads. This has not been done, and is not proposed by the petitioner. It would, in the light of that contract, be anomalous to approve the deduction of depreciation not so charged nor set up in the petitioner's system of accounting. We find no error on the part of the Commissioner. Therefore,

*Decision will be entered for the respondent.*