**SEVIER TERRACE REALTY COMPANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 15409.

United States Court of Appeals Sixth Circuit.

Feb. 20, 1964.

* Sitting by designation.

**1000**

George D. Webster, Washington, D. C. (Davies, Richberg, Tydings, Landa & Duff, Washington, D. C., on the brief), for petitioner.

Robert A. Bernstein, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, L. W. Post, Stephen B. Wolfberg, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before WEICK, Chief Judge, and PHILLIPS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This case involved questions concerning the taxpayer's basis of 303 acres of land known as Mount Ida Farm and located partly within and partly without the corporate limits of Kingsport, Tennessee. A further issue was presented as to whether the taxpayer in computing its income tax may deduct, as an ordinary and necessary business expense, the fair market value of 12 lots transferred to a social and recreation center to be used only by owners or residents in the taxpayer's subdivision rather than handling it as a capital expenditure allocable to the basis of its unsold lots.

The parties agreed that taxpayer's basis for the 303 acres was the fair market value of an undivided one-half interest in the land on March 11, 1922 and the fair market value of the other one-half on March 1, 1913.

■ The evidence as to values offered in the Tax Court by the taxpayer and the Government was sharply in conflict. It was carefully considered by Judge Raum of that court in a well written opinion. He determined the values on the respective dates somewhere between the values testified to by the taxpayer's experts and the Government's experts. He was of the view that the values testified to by the taxpayer's experts were unrealistic and he did not credit them. The values determined by the Tax Court were within the range of the testimony of the expert witnesses. The court further took into account values placed on the land in earlier tax returns filed by predecessors in interest of the taxpayer which we think was proper. Robertson v. Routzahn, 75 F.2d 537 (C.A. 6); Grill v. United States, 303 F.2d 922 (Ct.Cl.); Campagna v. United States, 290 F.2d 682 (C.A. 2); Marsack's Estate v. Commissioner, 288 F.2d 533 (C.A. 7). See also Interstate Life & Accident Ins. Co. v. RKO Teleradio Pictures, Inc., 318 F.2d 73, 78 (C.A. 6), cert. denied, 375 U.S. 945, 84 S.Ct. 352.

■ In our opinion, the decision of the Tax Court with respect to the values of the land was supported by substantial evidence and is not clearly erroneous. We find nothing prejudicial to taxpayer in the Tax Court's allocation of the basis.

■ We are also of the view that the value of the 12 lots contributed by taxpayer for a recreation center should be treated as a capital expenditure allocable to the basis of its unsold lots and is not deductible as a business expense. Country Club Estates, Inc. v. Commissioner, 22 T.C. 1283.

The decision of the Tax Court is affirmed on the opinion of Judge Raum reported in T.C. Memo. 1962—242.