WILLIAM H. EGGERT and PHYLLIS A. EGGERT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eggert v. Commissioner
Docket No. 10549-75.
United States Tax Court
T.C. Memo 1977-265; 1977 Tax Ct. Memo LEXIS 177; 36 T.C.M. (CCH) 1071; T.C.M. (RIA) 770265; August 11, 1977, Filed *177 Petitioners were in the business of subdividing property owned by them in Madison, Conn., constructing houses thereon, and selling the improved lots. In 1973, in order to obtain approval of their subdivision plan and building permits, petitioners were required by the Planning and Zoning Commission of Madison to convey to the Land Conservation Trust of Madison for public purposes, 3.64 acres of their property for no consideration. Held, the conveyance of the land was in the nature of a capital outlay and petitioners were not entitled to deduct their basis therein as an ordinary and necessary business expense under sec. 162(a), I.R.C. 1954. William H. Eggert and Phyllis A. Eggert, pro se. Alan Summers, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' Federal income tax in the amount of $2,423.32 for their taxable year ending December 31, 1973. The issues presented for our decision are whether the transfer in 1973 by petitioners of 3.64 acres of land to the Land Conservation Trust of the Town of Madison, Conn., as a requirement for zoning approval of petitioners' subdivision plan entitled petitioners *178 to a deduction under section 162(a), I.R.C. 1954; [1] and, if so, petitioners' basis in the transferred property. FINDINGS OF FACT Certain facts have been stipulated and are so found. Petitioners William H. Eggert and Phyllis A. Eggert, sometimes hereinafter referred to as William and Phyllis, were husband and wife for the calendar year 1973, residing in Boynton Beach, Fla. They filed a joint Federal income tax return for the taxable year ending December 31, 1973. Petitioners were in the business of acquiring land, subdividing it, and constructing homes on it for sale. Phyllis did the bookkeeping while William did the construction. During 1973 petitioners were in the process of improving or subdividing certain land owned by them in Madison, Conn. This property had been acquired by William from his mother in a series of transactions during the late 1950's and early 1960's, and originally contained about 60 acres. The prices for the different portions of the tract had been determined by conversations between William and his mother. The land *179 was conveyed by warranty deeds which were not produced at trial. The consideration recited in these deeds was nominal in order to avoid the expense of recording fees and documentary stamps. Petitioners have no cancelled checks or other records of payment for the land or improvements. When petitioners first started subdividing and developing this property they were required by the Planning and Zoning Commission of Madison to set aside 3.64 acres of the land for community purposes which they could not develop or sell. In 1973 in order to obtain building permits for the property remaining the Planning and Zoning Commission required petitioners to deed the 3.64 acres to the Land Conservation Trust of the Town of Madison, Conn. Having no alternative, except to forego further development of the land, petitioners conveyed the 3.64 acres to the Land Conservation Trust by deed dated November 3, 1973, without consideration. This conveyance was involuntary and was mandated to petitioners by the Planning and Zoning Commission as a prerequisite to obtaining the necessary approval of petitioners' subdivision plan from said Commission. [2] *180 On their income tax return for 1973, petitioners claimed a deduction in the amount of $9,000 as a business expense for land donated to the conservation trust, representing their basis in the land conveyed to the trust. Petitioners calculated the amount of the deduction by using $2,000 per acre, plus road development and engineering costs as their basis in the property. The road development costs claimed were based upon a calculation that there was a 258.05-foot road adjacent to the conveyed parcel and that it cost approximately $22 a foot to construct roads "at that time." The $22 figure was halved because only one-half of the road was being conveyed. However, the amount deducted was not broken down between cost of the land and the development costs and petitioners offered no specific evidence with respect thereto. Petitioners still owned 6 acres of the original tract at the date of the trial *181 of this case. In his notice of deficiency mailed to petitioners, respondent disallowed the deduction for land donated to the trust, and also reduced the medical expense deduction claimed on the return because of the adjustment in petitioners' adjusted gross income. OPINION The threshold issue in this controversy is whether petitioners are entitled to a business expense [3] deduction under section 162(a)[4] by virtue of their conveyance of the 3.64 acres of land to the Land Conservation Trust for no consideration, or whether the conveyance constitutes a nondeductible capital expenditure under section 263(a)(1). [5]
An expense essentially in the nature of a capital outlay must be capitalized and is not deductible as a business expense even though it is *182 business related. Lots, Inc. v. Commissioner,49 T.C. 541 (1968), affd. sub nom. Christie v. Commissioner,410 F. 2d 759 (5th Cir. 1969). The expenditure must be recovered either through depreciation or amortization, or through a reduction in profit realized on the sale of the asset to the basis of which it has been added, c.f. Estate of Collins v. Commissioner,31 T.C. 238, 256-257 (1958), and the taxpayer would be receiving double tax benefit from the expenditure were he to be allowed a current deduction therefor as a business expense as well. Perlmutter v. Commissioner,45 T.C. 311 (1965). A capital expenditure is one which secures a benefit lasting beyond the current taxable year and is not currently deductible under section 162(a) regardless of the underlying motivation for the expenditure. Florida Publishing Co. v. Commissioner,64 T.C. 269, 280 (1975), affd. without opinion (5th Cir. 1977). Case law clearly treats conveyances of land to governmental entities in order to secure zoning or other types of approval for proposed business endeavors as capital expenditures. In Perlmutter v. Commissioner,supra, the taxpayer set aside certain sections of its own land for public *183 use in order to comply with zoning regulations. A charitable contribution deduction claimed under section 170 was disallowed by this Court because of the absence of donative intent and because the conveyance was of direct benefit to the taxpayer. The opinion states: We think that, whether the transfers were voluntarily or involuntarily made and irrespective of the underlying motivations, they represented a business expenditure of a capital nature and that petitioners have already received the maximum benefit through being allowed to add the cost basis of the transferred lands to the cost basis of the remaining property. * * * [45 T.C. at 319.] Lots, Inc. v. Commissioner,supra, citing Perlmutter, held that the cost to a real estate developer of constructing a shelter in a city-owned park adjacent to its development which the city required as a condition to its approval of the developer's subdivision plat was a capital expenditure rather than a business expense. In so holding we stated that it was clear that had the taxpayer donated a part of its own land for park purposes the value of the land donated would be a part of the capital investment in the entire subdivision and would *184 not have been deductible as a business expense; and the fact that the taxpayer constructed the shelter on city-owned land in lieu of donating its own land would not change the nature of the cost to petitioner. 49 T.C. at 550-551. [6]
Another line of cases similarly hold voluntary conveyances of land to governmental entities in order to gain accessibility to streets or other long-term benefits to be capital expenditures. Transamerica Corporation v. United States,254 F. Supp. 504 (N.D. Cal. 1966), affd. 392 F. 2d 522 (9th Cir. 1968), Chicago & N.W. R. Co. v. Commissioner,114 F. 2d 882 (7th Cir. 1940), affg. 39 B.T.A. 661 (1939). Conveyances of land to private groups such as a country club by real estate developers in order to assure use of the facilities by subdivision purchasers have also been held to be capital in nature. [7] *185 Country Club Estates, Inc. v. Commissioner,22 T.C. 1283 (1954). In the instant case, petitioners were required to convey the acreage to the Land Conservation Trust in order to obtain building permits for the remaining land and official approval of their subdivision plans. In the event of noncompliance, abandonment of the proposed development was their remaining choice. Petitioners' situation and consequent course of action do not differ from that of the petitioners in Perlmutter or Lots, Inc., and those cases dictate the correct answer on the issue here involved. The conveyance of the land to the trust was in the nature of a capital expenditure and did not give rise to a deduction as a business expense. The fact that petitioners took a current deduction because "everybody deducted it" does not change the outcome. What everybody does and what is permissible under the law are often, as in this case, quite different. Furthermore, petitioners are not entitled, as claimed, to rely upon a telephoned opinion of the Internal Revenue Service in Hartford, Conn., that the transfer constituted a currently deductible involuntary conversion. Norden-Ketay Corporation v. Commissioner,319 F. 2d 902, 907 (2nd Cir. 1963). *186 Respondent argues that petitioners have not carried their burden of proving their basis in the property conveyed and therefore are not entitled to an adjustment in their basis in the remaining property. We are unable to determine from the record whether petitioners claimed a deduction for basis in the land. Both parties seem to agree that petitioners did not sell any of this particular property in 1973, in which event we have no question of adjustment of basis before us. The jurisdiction of the Tax Court extends to the taxable year in which the deficiency was asserted and does not extend to deficiencies or overpayment for other taxable years not timely asserted. Sec. 6214(b). [8]B. T. Couch Glue Co. v. Commissioner,12 B.T.A. 1321, 1325 (1928). [9] *187 On the other hand on schedule C of their tax return for 1973 petitioners reported gross receipts from their business as builders of homes in the amount of $101,800, and cost of goods sold in the amount of $67,863.91. Cost of goods sold was determined with the use of inventory at the beginning of the year (with no indication of what it consisted) in the amount of $27,535.25, cost of labor totaling $6,170.32, and materials and supplies totaling $34,158.34. No ending inventory was reported. Hence, if the opening inventory reported by petitioners included their basis in the land, petitioners obtained a deduction as cost of goods sold for their entire basis or inventory and no adjustment in basis would be in order. In either event, there is no need for us to consider this as an issue in this case. Since we hold for respondent on the threshold *188 argument, it follows that respondent's adjustment to the medical deduction is also correct. Therefore, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise specified.↩
2. There is some confusion between the testimony of petitioners' one witness, Phyllis, and the stipulation of facts concerning when the subdivision plans were submitted and approved, but the parties agree that in 1973 petitioners were required to convey the 3.64 acres to the Land Conservation Trust in order to continue development of the remaining property.
3. Petitioners have not claimed that the value of the land conveyed was a charitable contribution deductible under section 170. ↩
4. Sec. 162(a)↩ states in relevant portion: "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *." 5. Sec. 263(a)(1) disallows a deduction for "betterments made to increase the value of any property or estate."↩
6. Also following this analysis and result is Rev. Rul. 57-488, 1957-2 C.B. 157↩.
7. Sevier Terrace Realty Co. v. Commissioner,T.C. Memo. 1962-242, affd. per curiam 327 F. 2d 999 (6th Cir. 1964), followed Country Club Estates, Inc. v. Commissioner,22 T.C. 1283 (1954), with regard to a transfer of land to a recreation center. In accord with these two cases is Rev. Rul. 68-478, 1968-2 C.B. 330↩.
8. SEC. 6214(b)↩. Jurisdiction Over Other Years and Quarters.--The Tax Court in redetermining a deficiency of income tax for any taxable year * * * shall consider such facts with relation to the taxes for other years * * * as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year * * * has been overpaid or underpaid. 9. In the event petitioners institute refund proceedings for any taxable year in which they sold property in this subdivision, they will have the burden of proving any increase in their basis in the real estate sold. It would behoove them, therefore, to be as specific as existing records and memory will allow with regard to the basis of their property.