**WOODSIDE MILLS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7702.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 20, 1958.

Decided Nov. 3, 1958.

F. Dean Rainey, Greenville, S. C. (Rainey, Fant, Traxler & Horton, Greenville, S. C., on brief), for appellant.

Melvin L. Lebow, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Joseph F. Goetten, and Fred E. Youngman, Attorneys, Department of Justice, Washington, D. C., Joseph E. Hines, U. S. Atty., Spartanburg, S. C., and Robert A. Clay, Asst. U. S. Atty., Greenville, S. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and BARKSDALE and BRYAN, District Judges.

PER CURIAM.

Woodside Mills, a South Carolina corporation, appeals from an adverse judgment of the District Court in its suit to recover amounts allegedly collected from it illegally as taxes.

In its tax returns for 1950, Woodside Mills sought a deduction from gross income for an alleged gift to Greenville County, South Carolina, of certain streets, sidewalks and alleys in a mill village. The deduction was claimed under Section 23(q) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(q), which permits deductions for gifts made

to political subdivisions of any state for exclusively public purposes.

The streets, sidewalks and alleys in question, the means of access to houses occupied by mill employees, had been laid out and cut through in the year 1902. They were used as public highways in the intervening years. In the years 1918–1923, the appellant paved them and installed sidewalks. In a proceeding before the Board of Tax Appeals involving the company's taxes for 1928, the company claimed a deduction for the cost of such paving as a gift; but the Tax Court ruled that this was a capital expenditure to be depreciated over a period of years, and it was so treated in later returns. Woodside Cotton Mills Co. v. Commissioner, 13 B.T.A. 266. In the course of that proceeding the vice president of the company, testifying in respect to the very streets and alleys now in suit, said "We do not consider that it is our property. The public has taken charge of it." When further interrogated if he knew whether the company owned these streets or not, his reply significantly was "We could not own it if the public owns it, could we? It is owned by the public and the public consider it theirs, and we agree with them."

We agree with the view of the District Judge that the company had parted with the title to this property long before 1950. Either by dedication or prescription it had divested itself of ownership. See Section 10–2421 S.C.Code of 1952; Edgefield County v. Georgia-Carolina Power Co., 1916, 104 S.C. 311, 88 S.E. 801. The fact that in the year 1950, when it was about to sell the mill village, it decided to record a plat showing the streets, and to execute and deliver a deed of conveyance to the County, cannot have the effect of recovering and giving away what it no longer owned. In these circumstances, we are of the opinion that neither the deed of April 19, 1950, from the appellant to the County, nor the recording of the plat some weeks earlier, upon which the appellant relies, constitutes a gift or was effectual to transfer any title whatsoever. Moreover, we think that the conveyance, whenever made, did not qualify as a donation for public purposes within the meaning of Section 23(q) of the Internal Revenue Code of 1939, but rather that its value might be treated as an element of the cost basis of the remaining land. See Rev.Rul. 57–488, 1957–2 Cum.Bull. 157.

The District Court's decision is free of error and is

Affirmed.