**ORIOLE HOMES CORPORATION and Subsidiaries, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 87–1320–CIV.**

United States District Court, S.D. Florida, Miami Division.

Jan. 4, 1989.

**1532**

Charles L. Ruffner, Miami, Fla., for plaintiffs.

Alvarez L. LeCesne, Jr., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon the Defendant's Motion for Summary Judgment.

### UNDISPUTED FACTS

The parties filed a lengthy Stipulation of Facts with this Court on June 17, 1988. (Appendix A). There were further stipulations of fact filed as part of the Joint Pre–Trial Stipulation on October 15, 1988. (Appendix B). This Court hereby incorporates those stipulated facts into this Order.

### DISCUSSION

The basis for this Motion for Summary Judgment is that there are no undisputed questions of fact, and as a matter of law, the Defendant must prevail. The Plaintiff contests the fact that the issues that remain are questions of law, and instead argue that they are questions of fact. The disputed issues are as follows:

a) Whether road impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $670,218.08, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted pro rata as each house is sold as Defendant contends.

b) Whether educational impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $85,754.00, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted pro rata as each house is sold as Defendant contends.

c) Whether regional park impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $224,860.45, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted pro rata as each house is sold as Defendant contends.

d) Whether municipal park impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $252,000.00, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted pro rata as each house is sold as Defendant contends.

e) Whether the liability for traffic signals to be installed directly on Plaintiff's Lakeshore property, accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $36,000.00, are fully deductible in 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said liability must be capitalized as a development cost and deducted pro rata as each house is sold as Defendant contends.

f) Whether road impact fees, required for the approval and recordation of plats, accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $140,174.80, are fully deductible in 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted pro rata as each house is sold as Defendant contends.

g) Whether educational impact fees, required for the approval and recordation of plats, accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $65,168.80, are fully deductible in 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted pro rata as each house is sold as Defendant contends.

h) Whether 1979 regional park road impact fees, required for the approval and recordation of plats, accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $112,810.00, are fully deductible in 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted pro rata as each house is sold as Defendant contends.

The above issues really boil down to two questions, both of which are purely questions of law.

1) whether the various impact fees that were required for the approval and recordation of plats are deductible as ordinary and necessary business expenses or whether they must be capitalized as a development cost and deducted pro rata as each house is sold.

2) Whether the liability for the traffic signals is deductible as an ordinary and necessary business expense or whether it must be capitalized as a development cost and deducted pro rata as each house is sold.

*Impact Fees*

The Plaintiffs argue that the various impact fees that were required for the approval and recordation of plats are deductible as ordinary and necessary business expenses under 26 U.S.C. § 162(a). The Defendant argues that these fees must be capitalized under 26 U.S.C. § 263(a)(1).

Section 162(a) states that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business...." Section 263(a)(1) disallows a deduction for "betterments made to increase the value of any property or estate."

■ A capital expenditure is one which secures a benefit lasting beyond the current taxable year and is not currently deductible under § 162(a), regardless of the underlying motivation for the expenditure. *Florida Publishing Co. v. Commissioner*, 64 T.C. 269, 280 (1975). The Plaintiffs here had the choice of paying the educational and park impact fees, or of making the land dedications required by Broward County in order to obtain approval for the filing of the plats for the two subdivisions. The Plaintiffs chose to pay the impact fees. Additionally, the Plaintiffs paid road impact fees, which Broward County also required in order to file plats.

Conveyances of land to a governmental entity in order to secure zoning or other types of approval for proposed business endeavors are clearly capital expenditures. *Perlmutter v. Commissioner*, 45 T.C. 311 (1965); *Woodside Mills v. U.S.*, 260 F.2d 935, 936 (4th Cir.1958); *Citizens and Southern Nat'l Bank of S.C. v. U.S.*, 243 F.Supp. 900, 906 (W.D.S.C.1965); *Eggert v. Commissioner*, 36 T.C.M. 1071 (1977); *Sutton v. Commissioner*, 57 T.C. 239 (1971).

Additionally, in *Lots, Inc. v. Commissioner*, 49 T.C. 541 (1968), the court held that the cost to a real estate developer of constructing a shelter in a city-owned park adjacent to its development which the city required as a condition to its approval of the developer's subdivision plat was a capi-

tal expenditure rather than a business expense. The shelter added nothing to the value of property owned by the developer. The Plaintiffs in *Lots, Inc.* argued that the cost of constructing the shelter was not a capital expenditure, because it did not result in the acquisition of a capital asset. Instead, the taxpayer contended that it was an expenditure made to protect and promote its business and was therefore deductible. The court disagreed and stated that it was clear that if the taxpayer had donated a part of its own land for park purposes, it would be a capital investment in the entire subdivision. Therefore, where the taxpayer chose to construct the shelter on city-owned land instead of donating its own land, the nature of the cost would not change. *Id.* at 550–551.

■ This is analogous to the case at hand. Here, Broward County required that the Plaintiffs either pay impact fees for road, educational, regional park, and municipal park obligations, or to dedicate a certain acreage of land to provide for those obligations in order to obtain the necessary plat approvals. In each case, the Plaintiffs chose the monetary obligation in lieu of the land dedication. Without the plat approvals, neither subdivision could have been developed. Therefore, each of the impact fees increased the value of the subdivisions and secured a benefit which lasted beyond the taxable year in which they were incurred. The impact fees are thus capital expenditures which must be capitalized as a development cost and deducted pro rata as each house is sold.

*Liability for Traffic Signals*

■ The Plaintiffs argue that their liability for the traffic signals is deductible as ordinary and necessary business expenses. The Defendant argues that money paid or liabilities accrued to a county to improve roads or to add traffic signals in the vicinity of or directly on a taxpayer's property is a capital expenditure.

The Plaintiffs accrued a liability of $36,000.00 to install traffic signals directly on its property. The Defendant asserts that these liabilities, along with the road impact fees paid in 1979 and 1980, were incurred to improve the roads in the vicinity of the Plaintiff's property. Thus, these expenditures are capital expenditures that must be deducted on a pro rata basis as each house is sold.

Courts have traditionally held that expenditures for "... streets, sidewalks, public parks and recreation areas in which the developer retains no interest are properly considered part of the cost of the lots sold." *Willow Terrace Development Co. v. C.I.R.*, 345 F.2d 933, 938 (5th Cir.1965).[1] Additionally, Rev. Rule 76–257 held that the payment of a promissory note to a county upon the completion of the improvement of public roads in the vicinity of the taxpayer's property was not deductible as a charitable contribution but was a capital expenditure under Section 263 of the Internal Revenue Code. The same reasoning must be applied in this case. Road impact fees and liabilities accrued to a county to improve roads must be considered capital expenditures under 26 U.S.C. § 263(a)(1).

## CONCLUSION

"[C]osts incurred in the acquisition ... of a capital asset are to be treated as capital expenditures." *Woodward v. Commissioner*, 397 U.S. 572, 575, 90 S.Ct. 1302, 1305, 25 L.Ed.2d 577 (1970). For example, "legal, brokerage, accounting, and similar costs incurred in the acquisition or disposition of such property are capital expenditures." *Id.* at 576, 90 S.Ct. at 1305. Thus, the issue in this case is whether costs incurred in gaining plat approval by a local government authority are "costs incurred in the acquisition of property," where plat approval is a prerequisite for obtaining construction and financing permits for the properties.

Under the stipulated facts of this case, it was necessary for the Plaintiff to pay the

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

impact fees, or it could not have developed the properties. Therefore, these costs were incurred for the development and construction of the residential housing units just as the costs of the land, the labor, or the construction materials. These fees are similar to accounting or legal fees incurred in the development of property and must therefore be considered capital expenditures, to be capitalized as a development cost and deducted pro rata as each house is sold. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Defendant' Motion for Summary Judgment is GRANTED.[2]

DONE AND ORDERED.

### APPENDIX A

### STIPULATION OF FACTS

The parties, through their respective undersigned counsel, hereby stipulate to the following facts for the purpose of this action:

1. Plaintiffs, ORIOLE HOMES CORPORATION AND SUBSIDIARIES, (hereinafter referred to as "Oriole") are corporations chartered in and in good standing in the State of Florida with the principal office of the Corporation located at 1151 N.W. 24th Street, Pompano Beach, Florida 33067.

2. The Defendant is the United States of America.

3. This is a suit arising under the laws of the Internal Revenue Code for the refund of income taxes and interest for which Oriole alleges, and the Defendant denies, were erroneously and illegally assessed against and collected from the Plaintiffs.

4. Jurisdiction is laid under Title 28, Section 1346(a)(1) of the United States Code.

5. Venue lies under Title 28, Section 1402(a)(2) of the United States Code.

6. Oriole used the calendar year and the accrual method of reporting income and expenditures for federal income tax purposes for each of the tax years at issue in this action.

7. Oriole was and is in the business of developing unimproved parcels of land for the purpose of building and selling residential housing.

8. In order for Oriole to obtain building permits to develop a parcel of land within Broward County, Florida, it must record in the county records a plat of the parcel to be developed.

9. On September 6, 1977, the Board of County Commissioners of Broward County, Florida enacted Ordinance No. 77–43, an ordinance relating to the approval and recordation of plats within Broward County. A true copy thereof is attached hereto as Exhibit A. One of the conditions of Ordinance No. 77–43 to the approval and recordation of plats of residential lands in Broward County was the dedication of land for municipal and county park sites or payment of money (park impact fees) in lieu of land dedication. Under the provisions of Ordinance No. 77–43, these municipal and county park impact fees were due and payable at the time of recordation of the plat and the liability for the payment of such impact fees arose at the time of recording of the plat.

10. On January 24, 1979, the Board of County Commissioners of Broward County, Florida enacted Ordinance No. 79–1, an ordinance requiring the dedication of land for school sites or payment of money (education impact fees) in lieu of dedication as a condition to the approval and recordation of plats of residential lands in Broward County. A true copy thereof is attached hereto as Exhibit B. Under the provisions of Ordinance No. 79–1, these educational impact fees were due and payable at the time of recordation of the plat and the liability for the payment of such impact fees arose at the time of recording of the plat.

11. On March 20, 1979, the Board of County Commissioners of Broward County adopted a resolution establishing a policy

---

2. The Defendant is hereby ORDERED to submit a proposed Final Judgment to this Court within ten (10) days from the date of this Order.

to request land owners and developers to make a financial contribution (road impact fees) to Broward County in an amount equal to their "fair share" of the costs of major improvements to the Regional Transportation Network as a condition to the approval and recordation of plats of residential lands in Broward County. The March 20, 1979 Resolution was modified by Resolution dated September 8, 1979. A true copy of the Resolution dated March 20, 1979 and the related modifying Resolution dated September 18, 1979 are attached hereto as Exhibits C and D, respectively.

12. On December 31, 1979, Oriole recorded in the records of Broward County a plat for its development of the property known as Cypress Bend (Broward County File Number 152–CP–79). Ordinance 77–43 (relating to municipal and county park impact fees), Ordinance 79–1 (relating to educational impact fees), and Resolution dated March 20, 1979 as modified by Resolution dated September 18, 1979 (relating to road impact fees) each required that the respective impact fees relating to the plat filed for Cypress Bend were due and payable at the time of recordation of the plat.

13. Pursuant to the procedures of Broward County, a portion of the respective impact fees could be deferred by the posting of appropriate security.

14. The municipal park impact fees for the Cypress Bend development as required by Ordinance 77–43 was $252,000, as reflected in the September 27, 1979, letter from Mrs. Martha Gonzalez, a true copy of which is attached hereto as Exhibit E. Oriole paid the entire $252,000 municipal park impact fees on December 27, 1979, as reflected in Broward County receipt No. 27665, a true copy of which is attached hereto as Exhibit F.

15. The county park impact fees for the Cypress Bend development as required by Ordinance 77–43 was $224,860.45, as reflected in attached Exhibit E. The first payment thereon was made on December 27, 1979, in the amount of $42,249.92, as reflected in Broward County receipt No. 27666, a true copy of which is attached hereto as Exhibit G. Impact fee payments were made over a period of time as Oriole obtained building permits.

16. The educational impact fees for the Cypress Bend development as required by Ordinance 79–1 was $85,754, of which $16,112 was paid at the time the plat was recorded. Educational impact fees were paid by Oriole as it obtained building permits.

17. On December 28, 1979, Oriole and Broward County entered into a Road Contribution Agreement, a true copy of which is attached hereto as Exhibit H, which provided for the amount of the road impact fees required by County Resolution dated March 20, 1979, as amended by County Resolution dated September 18, 1979. An explanation of a portion of the road impact fees due under the Agreement is contained in the September 13, 1979 memorandum of Martha Gonzalez, a true copy of which is attached hereto as Exhibit I. The total obligation of Oriole with respect to road impact fees and improvements pursuant to the Agreement was $670,218, which was determined by adding the various amounts described for each roadway segment as set forth on Exhibit B to the Agreement. The sum of $127,261.81 was paid toward the $670,218 road impact fees debt at the time of the recording of the plat, leaving an unpaid liability of $542,956.19, which amount is reflected in paragraph C, page 2 of the Agreement. Road impact fees payments were paid over a period of time as Oriole obtained building permits. Two adjustments to the total road impact fees were made by the County in the amounts of $49,538.60 and $50,850.89 which effectively reduced Oriole's overall amount liability by $100,389.49. The adjustments and the payments made through February 20, 1984 are reflected on the Schedule "Recalculation of Impact Fees Due Cypress Bend 152–CP–79," a true copy of which is attached hereto as Exhibit J.

18. On December 19, 1980, Oriole recorded in the records of Broward County a plat for its development of the property known as Lakeshore at University Park (Broward County File Number 163–MP–80). Ordinance 77–43 (relating to municipal

and county park impact fees), Ordinance 79-1 (relating to educational impact fees), and Resolution dated March 20, 1979 as modified by Resolution dated September 18, 1979 (relating to road impact fees) each required that the respective impact fees relating to the plat filed for Lakeshore at University Park were due and payable at the time of recordation of the plat.

19. The municipal park impact fees for the Lakeshore at University Park development as required by Ordinance 77-43 had been previously satisfied by Oriole's predecessor in title.

20. The county park impact fees for the Lakeshore at University Park development as required by Ordinance 77-43 was $112,810, as reflected on page 1 of the County Administrative Report dated November 18, 1980, a true copy of which is attached hereto as Exhibit K and on Exhibit B of the Recreational Impact Agreement and Lien, a true copy of which is attached hereto as Exhibit L. Park impact fees payments were made by Oriole as it obtained building permits.

21. The educational impact fees for the Lakeshore at University Park development as required by Ordinance 79-1 was $65,168.80, as reflected on Exhibit B to the Educational Impact Agreement and Lien, a true copy of which is attached hereto as Exhibit M. Educational impact fees payments were made by Oriole as it obtained building permits.

22. Pursuant to the County Administrative Report, copy attached hereto as Exhibit K, and as reflected in the December 11, 1980, letter to David Honaker, a true copy of which is attached hereto as Exhibit N, the total road impact fees due by Oriole regarding the Lakeshore at University Park development was $163,771.55 less a credit for fees previously paid by Oriole's predecessor in title in the amount of $23,596.75. The resulting total road impact fees liability of $140,174.80 was paid in full at the time of the recording of the plat.

23. On December 5, 1980, Oriole and Broward County entered into two agreements for traffic signals to be installed for the Lakeshore at University Park development. A true copy of each agreement is attached hereto as Exhibit O and Exhibit P, respectively. Oriole's liability under each of the agreements was $18,000, for a total liability of $36,000 which was due and paid at the time of the recording of the plat.

24. The following amounts of impact fees were properly accruable as fixed and determinable obligations of Oriole during the years and in connection with the matters listed as follows:

| Project | Type of Impact Fees | Year Accruable | Amount Accruable | Amount Paid in 1979 |
|---|---|---|---|---|
| Cypress Bend | Roads | 1979 | $ 670,218.08 | $127,261.81 |
| Cypress Bend | Educational | 1979 | 85,754.00 | 16,112.00 |
| Cypress Bend | Regional Park | 1979 | 224,860.45 | 42,249.92 |
| Cypress Bend | Municipal Park | 1979 | $252,000.00 | 252,000.00 |
| Total accruable in and amount paid in 1979 | | | $1,232,832.53 | $437,623.73 |

| Project | Type of Impact Fees | Year Accruable | Amount Accruable | Amount Paid in 1980 |
|---|---|---|---|---|
| Lakeshore | Traffic Signals | 1980 | $ 36,000.00 | $ 36,000.00 |
| Lakeshore | Roads | 1980 | 140,174.80 | 140,174.80 |
| Lakeshore | Educational | 1980 | 65,168.80 | |
| Lakeshore | Regional Park | 1980 | $112,810.00 | |
| Total accruable in and amount paid in 1980 | | | $354,153.60 | $176,174.80 |

25. On or before June 12, 1980, Oriole filed a timely federal corporate income tax return for the calendar year 1979 with the Regional Service Center in Atlanta, Geor-

**1538**

gia, which reflected a taxable income of $11,993,762.

26. Oriole did not claim as a deduction on its 1979 tax return as filed any portion of the impact fees liability it incurred regarding its Cypress Bend development.

27. On or before June 18, 1981, Oriole filed a timely federal corporate income tax return for the calendar year 1980 with the Regional Service Center in Atlanta, Georgia, which reflected a taxable income of $11,384.011.

28. Included on the 1980 tax return as filed, in the amounts claimed as deductions for cost of goods sold, were impact fees in the amount of $585,368 which were comprised of the following items:

| | | |
|---|---|---:|
| (1) | Cash payments to Broward County for impact fees incurred in 1979 relating to Cypress Bend— | $437,624 |
| (2) | Cash payments to Broward County for road impact fees incurred in 1980 relating to Lakeshore at University Park— | $140,175 |
| (3) | Cash payments during 1980 incorrectly charged to the Deferred Impact Fees account— | $ 24,303 |
| | Subtotal of cash payments charged to the Deferred Impact Fees account— | $602,102 |
| (4) | Less adjustment made for 58 units of Cypress Bend development sold in 1980 and deducted for tax purposes at a per unit impact fee costs of $288.52— | $ 16,734 |
| | Total amount of impact fees claimed as a deduction for cost of goods sold on 1980 tax return as filed— | $585,368 |

29. On or before March 27, 1982, Oriole filed a timely federal corporate income tax return for the calendar year 1981 with the Regional Service Center in Atlanta, Georgia, which return reflected a taxable income of $1,256.998.

30. Oriole did not claim as a deduction on its 1981 tax return as filed any portion of the impact fees liabilities it incurred regarding the Cypress Bend development or the Lakeshore at University Park development.

31. On or before April 3, 1983, Oriole filed a timely federal corporate income tax return for the calendar year 1982 with the Regional Service Center in Atlanta, Georgia, which return reflected a net operating loss of $3,094.815.

32. Included on the 1982 tax return as filed, in the amounts claimed as deductions for cost of goods sold, were impact fees in the amount of $681,012 which were comprised of the following items:

| | | | |
|---|---|---:|---:|
| (1) | Cash payments to Broward County for impact fees incurred in 1979 relating to Cypress Bend: | | |
| | Road impact fees | $30,522 | |
| | Educational impact fees | 4,770 | $35,292 |
| (2) | To record Accounts Payable to Broward County for balance due for impact fees incurred in 1979 relating to Cypress Bond: | | |
| | Road impact fees | $512,434 | |
| | Educational impact fees | 64,872 | |
| | Park impact fees | 182,611 | 759,917 |
| (3) | Less—adjustments for error in payment during 1980 incorrectly charged to the Deferred Impact Fees Account | | (24,303) |

Total of cash payments and recorded Accounts Payable charged to Deferred Impact Fees Account ................ $770,906

(4) Less Adjustments for Units sold during 1982:

| | | |
|---|---|---|
| 86 Units in Cypress Bond $ $841.54 per unit | $(72,372) | |
| 145 Units in Lakeshore $ $120.84 per unit | (17,522) | (89,894) |

Total amount of impact fees claimed as a deduction for Cost of Goods Sold on 1982 tax return as filed and total amount of impact fees disallowed by IRS on examination of the 1982 tax return. ................ $681,012

33. On Audit of Oriole's 1979, 1980, 1981, and 1982 tax returns, the IRS determined that (1) Oriole was obligated to pay Broward County the following total and per unit cost impact fees:

(a) Cypress Bend—a 1,601 unit housing development:

| | |
|---|---|
| Road impact fees | $ 677,012.04 |
| School impact fees | 85,754.00 |
| Park impact fees | 476,860.45 |
| Total Cypress Bend impact fees | $1,239,626.44 |

The unit cost of the Cypress Bend impact fees was determined by dividing the $1,239,626.49 total impact fees by the 1,601 housing units, for a unit cost ................ $ 774.2826

(b) Lakeshore at University Park—a 1,160 unit housing development:

Road impact fees ................ $ 140,174.80

The unit cost of the Lakeshore at University Park impact fees was determined by dividing the $140,174.80 total impact fees by the 1,160 housing units for a unit cost of ................ $ 120.84034

The IRS determined that the unit cost for the impact fees was allowable as a deduction to Oriole only in the year each unit was sold. The following amounts of impact fees were disallowed and allowed by the Internal Revenue Service for the years indicated:

| | Amount Allowed on Audit | Amount Claimed Per Return as filed | Increase (decrease) in reported income |
|---|---|---|---|
| Calendar year 1980: Cypress Bend—sold 58 units at $774.2826 | $44,908 | $585,368 | $540,460 |
| Calendar year 1981: Cypress Bend—sold 120 units at $774.2826 | $92,914 | –0– | ($92,914) |
| Calendar year 1982: Cypress Bend—sold 86 units at $774.2826 | $66,588 | | |
| Lakeshore—sold 145 units at $120.84034 | $17,522 | | |
| | $84,110 | $681,012 | $596,902 |

34. On January 28, 1985, the District Director of Internal Revenue, Jacksonville District, assessed against Oriole a deficiency of $424,544 in additional taxes plus $108,645.99 in interest with respect to said tax deficiency for the calendar year 1979.

35. On or about February 22, 1985, Oriole paid to the District Director of Internal Revenue, Jacksonville District, $533,189.99, which was the full amount of the deficiency assessed against them for calendar year 1979, including interest to date of payment in the amount of $108,645.99.

36. Oriole alleges, and the Defendant denies, that the assessment and collection of all of the delinquency assessment, plus assessed interest, for the calendar year 1979 were erroneous and illegal.

37. On June 17, 1985, Oriole filed with the District Director of Internal Revenue, Jacksonville District, a Claim for Refund of the deficiency plus interest paid by them with, and a portion of the taxes assessed on and paid with, the return with respect to calendar year 1979, which was received in the Atlanta Regional Service Center on July 8, 1985. A true copy of said Claim for Refund is attached hereto as Exhibit Q. On December 22, 1986, Oriole filed with the District Director of Internal Revenue, Jacksonville District, an Amended Claim for Refund of the Deficiency plus interest paid by it with an portion of the taxes accessed on and paid with the return with respect to calendar year 1979. A true copy of said claim for refund is attached hereto as Exhibit "R".

38. More than six months have elapsed since the filing of said Claim for Refund and Amended Claim for Refund, and said Claims have neither been allowed nor disallowed by the Internal Revenue Service.

39. As grounds for recovery, Oriole incorporated in its Complaint by reference the averments contained in its Original and Amended Claims for Refund for calendar year 1979.

40. Oriole alleges, and Defendant denies, that Oriole has overpaid its income taxes for the calendar year 1979 and is entitled to recover from Defendant the sum of $841,678.00 in taxes plus $108,645.99 in previously assessed interest thereon, plus statutory interest thereon.

41. Oriole is the sole owner of its Claim against the Defendant and has made no assignment of said Claim.

42. On January 28, 1985, the District Director of Internal Revenue, Jacksonville District, assessed against Oriole a deficiency of $585,344 in additional taxes plus $387,957.29 in interest with respect to said tax deficiency for the calendar year 1980.

43. On or about February 22, 1985, Oriole paid to the District Director of Internal Revenue, Jacksonville District, $973,301.29, which was the full amount of the deficiency assessed against it for calendar year 1980, including interest to date of payment in the amount of $387,957.29.

44. Oriole alleges, and Defendant denies, that the assessment and collection of $300,154 of the deficiency assessment, plus assessed interest thereon, for the calendar year 1980, were erroneous and illegal.

45. On June 17, 1985, Oriole filed with the District Director of Internal Revenue, Jacksonville District, a Claim for Refund of the deficiency plus interest paid by it with respect to calendar year 1980, which was received in the Atlanta Regional Service Center on July 8, 1985. A true copy of said Claim for Refund is attached hereto as Exhibit S. On December 22, 1986, Oriole filed with the District Director of Internal Revenue, Jacksonville District, a Claim for Refund of the Deficiency plus interest paid by it with and a portion of the taxes accessed on and paid with the return, with respect to calendar year 1980. A true copy of said Claim for Refund is attached hereto as Exhibit "T".

46. More than six months have elapsed since the filing of said Claim for Refund and Amended Claim for Refund, and said

Claims have neither been allowed nor disallowed by the Internal Revenue Service.

47. As grounds for recovery, Oriole incorporated in its Complaint by reference the averments contained in its original and Amended Claims for Refund for calendar year 1980.

48. Oriole alleges, and the defendant denies, that it has overpaid its federal taxes for the calendar year 1980 and is entitled to recover from Defendant the sum of $300,154.00 plus in previously assessed interest thereon, plus statutory interest thereon.

49. Oriole is the sole owner of its Claim as amended against the Defendant and has made no assignment of said Claim as amended.

## APPENDIX B

## JOINT PRE–TRIAL STIPULATION

Pursuant to the Court's Order for Pretrial Conference dated July 27, 1988, and pursuant to this Court's Local Rule 14, the parties hereby file their Joint Pre–Trial Stipulation, as follows:

1. Nature of the action: Federal Income Tax refund suit.

2. Basis of Federal Jurisdiction: 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1).

3. Pleadings raising the issues: Complaint and Answer.

4. Undisposed of motions or other matters requiring action by the Court: Defendant anticipates filing a motion for summary judgment. There are no other motions or other matters requiring action by the Court.

5. Statement of facts which will require no proof at trial, with reservations if any:

(a) A lengthy joint stipulation of facts has been filed in this action on June 17, 1988, and those stipulated facts (1) through (49) are incorporated herein by reference. The parties hereby agree to the following additional stipulation of facts:

(b) The Plaintiff filed a tentative carryback allowance [TCB] for the year 1979 based on a net operating loss deduction [NOLD] for 1982. The NOLD for 1982 improperly included $596,902 impact fees paid in 1982. The Plaintiff now agrees that the $596,902 of impact fees were improperly claimed in 1982 because they were accrued in either 1979 or 1980, and a refund for those years could not generally have been filed after the later of three (3) years from the date the returns were filed or two (2) years from the date of any taxes paid for those years.

(c) The original refund claims filed by the Plaintiffs on June 17, 1985 for the years 1979 and 1980 are hereby withdrawn by Plaintiffs and each is no longer an issue in this litigation.

(d) To the extent that any portion of the $841,678 amended tax refund claim filed on December 22, 1986 for the 1979 year is determined to be allowable, the maximum amount of tax that may be refunded is limited to the $424,544 in income tax that was paid within two (2) years of the filing of this amended claim for refund, plus interest paid and accrued.

(e) The Plaintiffs hereby withdraw as an issue herein (only) that portion of their amended refund claim for the year 1979, dated December 22, 1986, which reads as follows:

"Increase in total deductions as a result of:

1) Increase in the December, 1982 net operating loss of $596,902 which is being carried back to December, 1979. A copy of the 1982 1120X is included herein."

(f) Plaintiffs hereby withdraw as an issue herein (only) that portion of their amended refund claim for the year 1980, dated December 22, 1986, that claimed road impact fees in the amount of $127,262 and parks impact fees in the amount of $252,000. These amounts were duplicated in the 1979 and 1980 amended refund claims, and, if currently deductible at all, were properly accrued in 1979.

6. There are no unadmitted facts which are not to be contested at trial.

7. Plaintiff alleges that the following issues are questions of fact and Defendant alleges that the following issues (a) through (h) are issues of law:

(a) Whether road impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $670,218.08, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(b) Whether educational impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $85,754.00, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(c) Whether regional park impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $224,860.45, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(d) Whether municipal park impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $252,000.00, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(e) Whether traffic signals impact fees, required for the approval and recordation of plats, accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $36,000.00, are fully deductible in 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(f) Whether road impact fees, required for the approval and recordation of plats, accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $140,174.80, are fully deductible 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(g) Whether educational impact fees, required for the approval and recordation of plats accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $65,168.80, are fully deductible in 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(h) Whether regional park impact fees, required for the approval and recordation of plats, accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $112,810.00, are fully deductible in 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(i) Petitioners contend that a relevant issue of fact is the benefit inuring directly to Plaintiff's properties as a result of the payment of these fees.

8. Issues of law on which there are agreement:

(a) Under Florida law all of the impact fees in issue are considered to be regulatory fees and not taxes.

9. Defendant alleges that the following issues are questions of law and Plaintiffs allege that the following issues are issues of fact:

(a) Whether road impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $670,218.08, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(b) Whether educational impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $85,754.00, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(c) Whether regional park impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $224,860.45, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(d) Whether municipal park impact fees, required for the approval and recordation of plats, accrued during the year 1979 by the Plaintiffs and payable to Broward County, in the amount of $252,000.00, are fully deductible in 1979 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(e) Whether traffic signals impact fees, required for the approval and recordation of plats, accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $36,000.00, are fully deductible in 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(f) Whether road impact fees, required for the approval and recordation of plats, accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $140,174.80, are fully deductible 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(g) Whether educational impact fees, required for the approval and recordation of plats accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $65,168.80, are fully deductible in 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

(h) Whether regional park impact fees, required for the approval and recordation of plats, accrued during the year 1980 by the Plaintiffs and payable to Broward County, in the amount of $112,810.00, are fully deductible in 1980 as ordinary and necessary business expenses under 26 U.S.C. § 162, as Plaintiffs contend; or whether said impact fees must be capitalized as a development cost and deducted prorata as each house is sold as Defendant contends.

10. Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of objections, if any, will

be filed as an attachment hereto on or prior to the November 7, 1988 date for filing the Pretrial Stipulation.

11. Each party's numbered list of trial witnesses, with their addresses, except impeachment witnesses will be filed as an attachment hereto on or prior to the November 7, 1988 date for filing the Pretrial Stipulation. Any expert witnesses will be so designated.

12. The estimated trial time is 2½ days. The trial is a *jury* trial.

13. The prevailing party is not entitled to legal fees. Petitioners do not intend to prove that Defendant's position was not substantially justified.