**C. B., Jr. and Martha Jean CHRISTIE, Petitioners-Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 26663.**

United States Court of Appeals Fifth Circuit.

April 28, 1969.

Harold D. Rogers, Wichita Falls, Tex., for petitioners-appellants.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., Lester R. Uretz, Chief Counsel, I. R. S., Washington, D. C., Grant W. Wiprud, Dept. of Justice, Washington, D. C., David English Carmack, Attys., for respondent-appellee.

Before BELL and THORNBERRY, Circuit Judges and CHOATE, District Judge.

PER CURIAM:

The Tax Court concluded that the substance of the transaction here involved was that taxpayers owned the working interest in the oil lease and that the effort to carve out a production payment from the working interest was without legal efficacy. While a close case is presented on the facts, we are convinced after careful study that there is a sufficient evidentiary basis for the decision of the Tax Court and that there is no error in law. The clearly erroneous rule applies in our review of decisions of the Tax Court. C. I. R. v. Du-

berstein, 1960, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218; Estate of Broadhead v. C. I. R., 5 Cir., 1968, 391 F.2d 841. There having been no separate economic interests, it follows that G. C. M. 24994, 1944, Cum.Bull. 250, had no applicability.

The decision of the Tax Court is affirmed.