Jack **HABER** and Doris **Haber**,
Petitioners-Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent-Appellee.

No. 28554
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1970.

---

24. *Cf.* Varitimos v. United States, 1 Cir. 1968, 404 F.2d 1030, 1033.

held corporation as loans to taxpayer, who, with his brother, controlled the corporation, were in fact payments of compensation. This finding is clearly supported by substantial, if not overwhelming evidence in the record before us; we therefore must affirm.[1]

█ The only serious issue is the effect of what taxpayer contends to be an inconsistent order entered by a referee in bankruptcy requiring him to turn over certain funds to the trustee in bankruptcy. This order was based upon the trustee's petition, which recited that taxpayer had received loans and advances from the corporation within one year preceding the filing of the petition in bankruptcy and at a time when the corporation was not meeting its obligations as they matured. The turnover order is not in the record before us, nor is there any proof that taxpayer actually complied with the turnover order. The Tax Court further noted that the balance on taxpayer's so-called loan account had not been scheduled as an asset of the bankrupt corporation. But the insurmountable difficulty faced by taxpayer with his contention that the order of the Referee in Bankruptcy could determine the nature of the payments for tax purposes is that the United States was not a party to the bankruptcy proceedings. Therefore, those proceedings are not binding on it. Cenedella v. United States, 224 F.2d 778 (1st Cir. 1965) cert. den. 350 U.S. 901, 76 S.Ct. 179, 100 L.Ed. 791 (1955); Emerson Institute v. United States, 123 U.S.App.D.C. 71, 356 F.2d 824 (1966) cert. den. 385 U.S. 822, 87 S.Ct. 49, 17 L.Ed.2d 59 (1966).

Selig I. Goldin, of Tench, Goldin & Jones, Gainesville, Fla., for petitioners-appellants.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Benjamin M. Parker, Crombie J. D. Garrett, Attys., Tax Division, U. S. Dept. of Justice, K. Martin Worthy, Chief Counsel, Daniel J. Boyer, Atty., Internal Revenue Service, Washington, D. C., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM.

█ The Tax Court found that amounts shown on the books of a closely

Affirmed.

---

1. Christie v. Commissioner of Internal Revenue, 410 F.2d 759 (5th Cir. 1969); Broadhead's Estate v. Commissioner of Internal Revenue, 391 F.2d 841 (5th Cir. 1968). The entries in the corporation's books do not require a different result. The form of bookkeeping entries cannot control over the true substance of a transaction for purposes of determining tax liability. Liston Zander Credit Co. v. United States, 276 F.2d 417 (5th Cir. 1960). Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), Part I, and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969), Part I.