MARY C. NORRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Norris v. Commissioner
Docket No. 8297-76.
United States Tax Court
T.C. Memo 1979-37; 1979 Tax Ct. Memo LEXIS 490; 38 T.C.M. (CCH) 145; T.C.M. (RIA) 79037; January 25, 1979, Filed Hugh O. Mussina, for the petitioner. William P. Hardeman, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax as follows: Taxable
Addition to Tax Year
Deficiency
Sec. 6651(a), I.R.C. 1954
1971 $ 217.00 $ 54.25
1972
6,430.00
1,607.50
1973
2,026.94
506.73
Due to concessions by the parties, the issues for our decision are: (1) Whether petitioner realized community property income for the taxable year 1973 in the amount of $ 12,667.69; and (2) Whether petitioner's failure to file a Federal *491 income tax return for the taxable year 1973 was due to willful neglect as provided in section 6651(a), Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Mary C. Norris, herein petitioner, resided at Dallas, Texas, at the time she filed her petition in the instant case. She failed to file her Federal income tax return for the taxable year 1973. Petitioner and Joseph Mack Norris were married for the taxable years 1971 and 1972. On June 26, 1973, they were divorced. On October 21, 1971, Mr. Norris organized and incorporated his sole proprietorship under the name of Computer Enterprises, Inc., herein Computer. From the inception of Computer until the date of divorce, petitioner and Mr. Norris owned 100 percent of the stock of Computer. Petitioner was a member of the board of directors and vice president of Computer. She was responsible for the operations of business conducted by Computer from February 1, 1973 to March 1, 1973, however *492 she did not receive a salary from Computer. In 1972 the accounting firm of Computer suggested to Mr. Norris that he be paid a salary from Computer. Mr. Norris agreed and the accountants established a monthly salary of $ 4,000 which was reflected on the corporation books for its taxable year ended August 31, 1972. Mr. Norris' personal expenses were satisfied from corporate funds and as these funds were applied to these expenses Computer correspondingly reduced the amount it had set up as Mr. Norris' salary. Computer never formally issued a salary check to Mr. Norris in 1972. Petitioner did not file a Federal income tax return for the taxable year 1973. In prior years petitioner had relied upon her husband to prepare and file Federal income tax returns.
The Commissioner, in his statutory notice of deficiency, determined that petitioner realized taxable income in 1973 in the amount of $ 12,667.64 under section 61. In arriving at this amount the Commissioner determined that Mr. Norris realized community property income in the amount of $ 25,335.28 during the time he and petitioner were married in 1973. As a consequence the Commissioner determined that petitioner realized $ 12,667.64 *493 as her share of community property income by operation of the community property law of Texas. In addition, the Commissioner asserted a penalty of $ 506.73 under section 6651(a) due to petitioner's failure to timely file her Federal income tax return for the taxable year 1973. OPINION The first issue for our decision is whether petitioner realized community property income in the amount of $ 12,667.64 for the taxable year 1973. At this juncture we are compelled to point out that the record before us is quite limited and for this reason it is impossible to set forth a detailed description of what actually transpired in the taxable year at issue. Petitioner and Joseph Mack Norris were married from 1971 to June 26, 1973, at which time they divorced. In 1971 Mr. Norris incorporated his business under the name of Computer Enterprises, Inc., herein Computer. Immediately following incorporation he and petitioner owned 100 percent of Computer stock and did so until their divorce. Petitioner also occupied the positions of member of the board of directors and vice president of Computer during this time.
In 1971 Mr. Norris agreed to have the accountants of Computer establish a salary *494 for him so that he could pay various personal expenses. The accountants established a salary in the amount of $ 4,000 per month. Although no formal salary check was ever issued to Mr. Norris, he withdrew funds from Computer for the purpose of satisfying his personal expenses. As funds were withdrawn from Computer, the accountants would apply the withdrawn funds against the amount established as a salary and reflected on the corporate books. This procedure took place in 1972. There is nothing in the record to indicate what procedure was followed during the time petitioner and Mr. Norris were married in 1973. Petitioner was responsible for the actual operation of the business activities of Computer from February 1, 1973 to March 1, 1973. She did not receive a salary during this period of time. Computer's board of directors never formally authorized the payment of a salary to petitioner or Mr. Norris. Petitioner did not file a Federal income tax return for the taxable year 1973. Petitioner takes the position that she did not realize income in the amount determined by the Commissioner because: (1) the amounts paid to Mr. Norris in 1973 were either loans or mere withdrawals *495 which did not benefit petitioner; and (2) Computer's board of directors never authorized the payment of a salary to Mr. Norris for the taxable year in issue. Inherent in petitioner's position is the concession that Mr. Norris received $ 25,335.28 from Computer during the time he and petitioner were married in 1973. Respondent presented evidence that would indicate Mr. Norris authorized the establishment of a salary for him in 1972 sufficientin amount to satisfy his personal expenses. While the establishment of a salary for Mr. Norris might be indicative of Computer's position with respect to the taxable year 1972 we must look to the facts which relate to the taxable year before us.
The determination of the Commissioner as set forth in his statutory notice of deficiency is presumptively correct and in the instant case it is incumbent upon petitioner to prove by a preponderance of the evidence that she did not realize community property income under section 61 for the taxable year 1973. It is important to note that the Commissioner's statutory notice of deficiency is not restricted to the question of compensation income but to income realized under section 61. Petitioner has failed *496 in her burden of proof. Petitioner's argument that funds received by Mr. Norris in 1973 were loan proceeds has no basis upon an examination of the record before us. Whether a bona fide debtor-creditor relationship existed between Mr. Norris and Computer is a question of fact. Beaver v. Commissioner, 55 T.C. 85 (1970); Fisher v. Commissioner, 54 T.C. 905 (1970); Haber v. Commissioner, 52 T.C. 255 (1969), affd. 422 F.2d 198 (5th Cir. 1970). There is nothing in the record to indicate such a relationship. More specifically, petitioner presented no evidence which would indicate that Mr. Norris executed a note or that he pledged any security or collateral for repayment of a loan. In addition, there is nothing in the record to indicate that Computer agreed with Mr. Norris as to the time of repayment or the interest to be paid. Haber, supra at 266. Likewise, a mere assertion that petitioner's husband made "withdrawals" from Computer in 1973 does not negate the presumption of realization of income as determined by the Commissioner. Petitioner's assertion that no income was realized in 1973 because *497 Computer never authorized the payment of a salary to her husband during the time they were married in 1973 is also without merit. The record is bare with respect to corporate books and records which would confirm or deny this assertion. Moreover, from the record it is reasonable to conclude that Mr. Norris was in possession of information which would have been of great assistance in the development of the record. Because petitioner failed to call him as a witness or to establish a reason for failure to call him, we can only conclude that his testimony would have been adverse to petitioner's position. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947). In any event, a presumption that Computer did not authorize the payment of a salary to Mr. Norris does not preclude the realization of income from the receipt of dividend income. There is nothing in the record in this regard. Accordingly, we hold that petitioner has failed in her burden of proof. [2]
*498 The final issue for our decision is whether petitioner's failure to file a Federal income tax return for the taxable year 1973 was due to willful neglect as provided in section 6651(a). [3] Petitioner has the burden of proof and must show that her failure to timely file a return for 1973 was due to reasonable cause. Magill v. Commissioner,70 T.C. 465 (1978). The only testimony presented by petitioner indicated that in previous years her husband was responsible for the preparation and filing of their Federal income tax returns. However, for the taxable year in issue petitioner, having obtained a divorce from her husband on June 26, 1973, has given no reason for her failure to timely file a return. Moreover, petitioner does not argue this issue on brief. Accordingly, we hold that petitioner has failed in her burden of proof and we, therefore, sustain respondent's determination with respect to this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner does not contend that the community property law of Texas does not apply to her; i.e., that all property acquired during marriage is community property unless it is received by gift, devise, or inheritance. Petitioner does not contend that the funds received by Mr. Norris come under any one of the exclusions.↩
3. Petitioner asserted in her opening statement at trial that our decision with respect to this issue was limited to the taxable year 1973.↩