NORMAN KATZ AND SUZANNE L. HILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Katz v. Commissioner
Docket No. 39126-87
United States Tax Court
T.C. Memo 1990-387; 1990 Tax Ct. Memo LEXIS 407; 60 T.C.M. (CCH) 260; T.C.M. (RIA) 90387; July 25, 1990, Filed *407 Decision will be entered for the respondent. Ronald I. Heller, for the petitioners. Debra K. Moe *408 , for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION By statutory notice of deficiency dated September 18, 1987, respondent determined a deficiency in petitioners' Federal income tax in the amount of $ 8,665 and additions to tax pursuant to sections 6651(a)(1), [1]6653(a)(1) and 6661 in the amounts of $ 433.20, $ 433.25, and $ 2,166.25, respectively, and an addition to tax pursuant to section 6653(a)(2) for taxable year 1984. By amendment to his answer filed April 27, 1989, respondent asserted a further deficiency in petitioners' Federal income tax resulting in a total deficiency amount of $ 24,289 and increases in additions to tax pursuant to sections 6651(a)(1), 6653(a)(1), and 6661 resulting in total amounts of $ 1,214.45, $ 1,274.10, and $ 2,428.90, respectively, as well as an increase in the addition to tax pursuant to section 6653(a)(2). *409 The issues for our consideration are (1) whether money paid to petitioner Norman Katz by Norm Katz, C.P.A., Ltd., Inc., his solely-owned corporation, constituted loan proceeds, (2) whether petitioners were liable for an addition to tax for failure to file a timely return pursuant to section 6651(a)(1), (3) whether petitioners are liable for additions to tax for negligence pursuant to section 6653(a)(1) and (2), and (4) whether petitioners are liable for an addition to tax for a substantial understatement of income tax pursuant to section 6661. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner Norman Katz (petitioner) and his wife, Suzanne L. Hill (hereinafter sometimes referred to collectively with her husband as petitioners) resided in Kailua-Kona, Hawaii, at the time of filing the petition. In 1984, petitioner was a certified public accountant, employed by Norm Katz, C.P.A., Ltd., Inc. (the corporation). The corporation was a professional service corporation formed in September of 1983 that was engaged in the business of preparing tax returns *410 for clients. Petitioner owned all 1,000 shares of issued and outstanding stock in the corporation. In 1984, petitioner was the chairman and sole member of the board of directors and the president, secretary, and treasurer of the corporation. Suzanne L. Hill was the vice president. Between October 1, 1983, and December 31, 1983, petitioner received a salary advance in the amount of $ 10,723.72 from the corporation. Because the corporation sustained a net operating loss in the amount of $ 2,163 in 1983, petitioner, acting as chairman of the board of directors, decided that the corporation should not pay him any compensation for 1983. Instead, petitioner issued the corporation a five-year promissory note in the principal amount of $ 10,723.72 bearing an interest rate of 12 percent. In 1984, petitioner received a salary advance in the amount of $ 86,003 from the corporation. At the end of the year the corporate books showed net operating income, before the shareholder compensation, of $ 37,776. Therefore, the corporation decided to compensate petitioner by forgiving an indebtedness in the amount of $ 14,045 in principal and $ 1,287 in interest. The corporation received a promissory *411 note from petitioner in the amount of $ 70,670.69 payable in five years and bearing an interest rate of 12 percent. [2] Additionally, the corporation forgave petitioner's promissory note dated March 1, 1984, in the principal amount of $ 10,723.72 as well as the accrued and unpaid interest on the note. The parties agree that the corporation filed employment tax returns, Forms W-2, for petitioner and Suzanne Hill that indicated that they had received wages or salary in the amounts of $ 11,650 and $ 21,800, *412 respectively, or $ 33,450 together. [3] On the corporation's 1984 income tax form, Form 1120, the corporation reported the payment of compensation to officers in the amount of $ 26,056. On petitioners' 1984 joint income tax form, Form 1040, filed on September 3, 1985, petitioners did not report any wages or salary from the corporation but included $ 26,056 as income resulting from the forgiveness of indebtedness by the corporation. The 1984 Form 1040 also included income for Suzanne Hill in the amount of $ 15,404 from the Kona Village Resort. Although petitioners' Form 1040 was due on April 15, 1985, petitioners did not request an extension of filing time. By notice dated October 8, 1986, respondent informed petitioners that their Form 1040 did not contain the same information reported on the corporation's Forms W-2. Petitioner explained, in a handwritten note that *413 respondent received on October 29, 1986, that because the payment of salaries in 1984 had not been approved by the corporation's directors, he had not submitted an amended Form 941c to correct the notation in the corporation's Form 1120 in January of 1985. Respondent never received the amended form. On September 18, 1987, respondent issued the statutory notice of deficiency. On October 7, 1987, petitioner wrote respondent, explaining that the corporation's original Forms W-2 were incorrect because the corporation had not authorized the payment of salaries in 1983. Petitioner explained that the payments he had received had been characterized as income from the forgiveness of indebtedness on his 1984 Form 1040. [4] Furthermore, petitioner explained that, in January of 1985, he had submitted corrected Forms W-2 and a Form 941c showing that the corporation had not paid any wages or salary in 1984. Petitioner mailed a second set of corrected Forms W-2 on October 7, 1987, that respondent received on October 29, 1987. *414 During the pertinent years, petitioner was the beneficiary of a trust fund created by his father. Petitioner's interest in trust principal was $ 250,000. Although he was entitled to draw on the trust funds, petitioner could not remember taking money from the trust in 1984. In April of 1987, petitioner retired from the practice of accounting because of a developing physical disability although he kept the corporation intact. In 1984, petitioner had not foreseen that his disability would force him to retire. Beginning in July of 1987 petitioner received monthly disability payments in the amount of $ 8,000 from the Northwestern Mutual Life Insurance Company. Petitioner had no other sources of income. In 1984 the corporation had net income of $ 13,883 and current and accumulated earnings and profits in the amount of $ 11,722. During all pertinent years, it was petitioner's routine practice to use corporate funds to pay personal as well as business expenses. OPINION The first issue for our consideration is whether the corporation made a bona fide loan to petitioner in the amount of $ 70,670.69 in 1984. Petitioner bears the burden of proof with respect to $ 33,450 of income, *415 and respondent bears the burden of proving the deficiency amount with respect to the remaining amount of income because the deficiency amount was increased by amended answer. Rule 142. Section 61(a) includes in gross income all income from whatever source derived. The proceeds of a loan, however, are not included in gross income. Consolidated-Hammer Dry Plate & Film Co. v. Commissioner, 317 F.2d 829, 832 (7th Cir. 1963), affg. in part and revg. in part a Memorandum Opinion of this Court; Falkoff v. Commissioner, 62 T.C. 200, 206 (1974). A loan has been defined as an "unqualified obligation to pay a sum certain at a reasonably close fixed maturity date along with a fixed percentage in interest payable regardless of the debtor's income or the lack thereof." Gilbert v. Commissioner, 248 F.2d 399, 402 (2d Cir. 1957). In determining whether a transaction created a true debtor-creditor relationship, we are not bound by the parties' characterization *416 of the transaction but rather we look to the underlying economic substance. Hardman v. United States, 827 F.2d 1409 (9th Cir. 1987); Estate of Franklin v. Commissioner, 544 F.2d 1045 (9th Cir. 1976), affg. 64 T.C. 752 (1975). Transactions between closely held corporations and their shareholders require close scrutiny. Electric & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1339 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974). Among the factors that are frequently applied in determining whether a loan exists are: (1) whether there is a fixed date for repayment; (2) whether there is a reasonable expectation of repayment; (3) whether there are notes or other evidences of indebtedness; (4) whether interest is required; and (5) whether the creditor makes a demand for payment once the debtor is in default. Zimmerman v. United States, 318 F.2d 611, 613 (9th Cir. 1963). Although courts have traditionally considered a number of factors in determining the existence of a loan, the *417 dispositive question is whether, at the time the transaction is entered into, the recipient of the funds intended to repay the full amount of the advance and whether the person advancing the funds intended to enforce repayment. Beaver v. Commissioner, 55 T.C. 85, 91 (1970); Fisher v. Commissioner, 54 T.C. 905, 909-910 (1970). This inquiry requires a consideration of all the facts and circumstances. John Kelley Co. v. Commissioner, 326 U.S. 521 (1946); Haber v. Commissioner, 52 T.C. 255 (1969), affd. 422 F.2d 198 (5th Cir. 1970). The parties agree that the corporation reported on its original Forms W-2 wages and salary of $ 33,450 paid to petitioners in 1984. On its 1984 income tax return, the corporation reported making payments to petitioner in the amount of $ 26,056, which was reflected on the corporation's Federal income tax return as compensation paid to officers. In 1984, petitioners reported income of $ 26,056, characterized as forgiven indebtedness and reported no income from wages or salary. The parties agree that petitioner withdrew a total of $ 86,003 from the corporation in taxable *418 year 1984. Petitioners contend that the corporation intended to pay them $ 33,450 in wages and salary but discovered that its financial situation prevented it. Petitioners argue that the corporation instead decided to compensate petitioner by forgiving his entire 1983 loan of $ 10,723.72 and $ 14,045 in principal and $ 1,287 in interest from his 1984 loan of $ 86,003. Petitioner maintains that the corporation then submitted amended Forms W-2 in January of 1985 that were apparently misdelivered. When petitioners discovered that the amended Forms W-2 had not been delivered, they prepared and filed the second Forms W-2 in 1987. Petitioners also argue that the remainder of the money that petitioner withdrew from the corporation in 1984 was a loan. Pointing to the fact that the loan transaction was recorded in the corporate books and authorized by the board of directors as well as documented by a written promissory note bearing a certain rate of interest and a fixed maturity date, petitioners claim that the payment constituted a bona fide loan and should be respected for tax purposes. Petitioner's testimony is completely incredible and unworthy of our belief. Petitioner offers *419 no proof that he filed amended Forms W-2 in January of 1985. Rather it seems that petitioner only filed the amended forms when he learned that the discrepancy had come to the respondent's attention. We do not find that the forgiven debt of $ 26,056 has any connection to the missing $ 33,450. Furthermore, petitioner does not even attempt to explain the discrepancy in amount between $ 33,450 and $ 26,056. Petitioner's testimony was self-serving and unbelievable. Because the burden of proof is on petitioners with respect to the $ 33,450 of the unreported income that formed the basis of the statutory notice of deficiency and petitioners have utterly failed to demonstrate that the original Forms W-2 were in error, we hold that petitioners failed to report income in the amount of $ 33,450 in 1984. Furthermore, with respect to the amount of the deficiency for which respondent bears the burden of proof, we are convinced that petitioner did not borrow any money from the corporation with the intent to create a bona fide loan. It is not surprising that petitioner's actions superficially conformed with statutory and case law criteria because petitioner was knowledgeable about tax law. *420 Petitioner argues that because the loan was evidenced with a promissory note bearing a fixed maturity date and a definite interest rate, we should conclude that the advances constituted a bona fide loan. Ordinarily, a writing that evidences a transaction is perceived as a reflection of the true economic substance of the transaction, but where the party is knowledgeable about tax law and the attenuating circumstances do not indicate the existence of a bona fide loan this inference is less compelling. Petitioner knows, based on his professional experience and training, exactly what is required to make a transfer of corporate funds appear to be a bona fide loan and, thus, the promissory note does not convince us that the loan was genuine. Petitioner argues that the promissory note manifests his intent to make a bona fide loan, but it could just as well manifest his attempt to conceal and mislead. At trial, petitioner admitted that he used corporate funds for personal expenses although he understood it to be improper. This demonstrates that petitioner's knowledge of tax law did not affect the propriety of his actions. Additionally, petitioner argues that because the board of directors *421 authorized the advances as loans we should respect their characterization, but, because petitioner was the only director, no such inference can be found. Based on our evaluation of petitioner's credibility and trustworthiness, we conclude that the corporation did not loan the money to petitioner. Petitioner also argues that because he has fully repaid the loan, we should conclude that the advances were always intended to create a bona fide debt. Nonetheless, petitioner has not introduced an iota of proof to show that he has in fact repaid the loan. We have no reason to believe petitioner's self-serving statements. Petitioner should possess the evidence of repayment, if there is any, because he is both the alleged debtor and the alleged creditor. Petitioner's failure to produce credible evidence of repayment indicates that none exists. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Petitioners' Forms 1040 for taxable years 1985 through 1987 include income from forgiveness of indebtedness in *422 varying amounts. Petitioners have not established that these amounts of income are connected to the purported 1984 loan. Petitioners claim that the $ 86,003 has been repaid, not forgiven, and we conclude that the forgiveness of indebtedness income from 1985 through 1987 is attributable to another transaction. Thus, we do not find that petitioner repaid the money that he withdrew from the corporation in 1984. The second issue for our consideration is whether petitioners are liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) provides for an addition to tax for failure to timely file a tax return, unless such failure is due to reasonable cause and is not due to willful neglect. Petitioners filed their Form 1040 on September 3, 1985, although it was due on April 15, 1985. Petitioners give no explanation for this failure, and we conclude that their failure to file was not due to reasonable cause. Thus, petitioners are liable for an addition to tax for section 6651(a)(1). The third issue for our consideration is whether petitioners are liable for an addition *423 to tax pursuant to section 6653(a). Section 6653(a)(1) provides for an addition to tax if any part of the underpayment is due to negligence or intentional disregard of the rules and regulations. Section 6653(a)(2) provides for an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence. For purposes of section 6653, negligence is defined as a lack of due care or failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner, a certified public accountant, was familiar with the tax law and with the proper legal relationship between a corporation and its shareholders. Petitioner admitted that he would not advise a client to conduct business affairs with his or her controlled corporation in the way that he, petitioner, had done. Because petitioner has virtually conceded that his behavior was unacceptable, we conclude that he was negligent and is properly liable for an addition to tax under section 6653(a)(1) and (2). The *424 fourth and final issue for our consideration is whether petitioner is liable for an addition to tax for a substantial understatement of tax pursuant to section 6661. Section 6661 imposes an addition to tax equal to 25 percent of the entire underpayment of any taxable year in which there is a substantial understatement in income tax. [5]
An understatement is considered substantial if the amount of the understatement exceeds the greater of ten percent of the amount required to be shown *425 on the return, or $ 5,000. Sec. 6661(b)(1). An understatement is the amount by which the amounts required to be shown on the return exceed the amounts actually shown on the return. Woods v. Commissioner, 91 T.C. 88 (1988). The understatement of petitioners' tax is far in excess of $ 5,000. If the taxpayer has substantial authority for the tax treatment of any item on his return, the understatement is reduced by the amount attributable to such items. Sec. 6661(b)(2)(B)(i). Furthermore, if the taxpayer adequately disclosed on his return the relevant facts pertaining to any tax item, the amount of the understatement is reduced by the amount of such items. Sec. 6661(b)(2)(B)(ii). However, petitioner had no authority for his position; in fact he knew that his behavior was not defensible, and he did not disclose any facts with respect to the alleged loans. We conclude that petitioners are liable for an addition to tax pursuant to section 6661. In light of the foregoing, Decision will be entered for the respondent . Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. If the amount stated in the promissory note, $ 70,670, is supposed to be the difference between the money withdrawn from the corporation in 1984, $ 86,003, and the amount that petitioner included in income as forgiven indebtedness, $ 14,045, then petitioners apparently miscalculated. The difference between these amounts is actually $ 71,958. Nonetheless, as respondent seems satisfied with using the figure $ 70,670 as the unreported income upon which the deficiency is based, we will also use that amount.↩
3. We find this as a fact because both parties agree to it although we note that there is no independent evidence of the original Forms W-2.↩
4. According to the corrected Forms W-2, the total amount of erroneously reported wages and salary paid to petitioner and Suzanne Hill in 1984 was $ 33,450. The amount of income that petitioner reported as forgiven indebtedness was $ 26,056 on his Form 1040. This amount is the sum of the $ 10,723 allegedly borrowed in 1983 and forgiven in 1984, and $ 14,045 in principal and $ 1,287 in interest, allegedly borrowed and forgiven in 1984. Petitioner offers no explanation for the missing $ 7,394, the difference between $ 33,450 and $ 26,056.↩
5. In 1984, section 6661(a) provided for an addition to tax equal to ten percent of an underpayment of tax attributable to a substantial understatement of income tax. The rate was subsequently increased to 25 percent and made applicable to additions assessed after October 21, 1986. Pallottini v. Commissioner, 90 T.C. 498↩ (1988).